**Sundra HINES, individually; Keisha Hogan, individually and as special adminstratix of the Estate of Frank O. Hogan, and as Guardian Ad Litem of Diantae Hogan, Alantae Hogan and Zanobia Hogan, Plaintiffs—Appellants,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 02–56471.

D.C. No. CV–98–07858–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2003.*

Decided Nov. 14, 2003.

Michael R. Mitchell, Fred H. Klonsky, Woodland Hills, CA, for Plaintiffs–Appellants.

Carla A. Ford, Los Angeles, CA, for Defendant–Appellee.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Frank O. Hogan ("Hogan"), an inmate at the U.S. Penitentiary–Atlanta, died from injuries that he sustained when he was kicked in the head by a fellow-inmate wearing steel-toed boots. Hogan's wife ("Mrs. Hogan") sued the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., claiming that the Bureau of Prisons ("BOP") was negligent in supplying steel-toed boots to Hogan's assailant. The district court granted the Government's motion for summary judgment, finding that the FTCA's discretionary function exemption precluded government liability.

Reviewing the district court's grant of summary judgment and application of the discretionary function exemption *de novo, see United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003), we find that the discretionary function exemption bars Mrs. Hogan's claim. Steel-toed boots were not "contraband" within the meaning of 18 U.S.C. § 1791(d)(1)(F). Moreover, by Executive Order, OSHA regulations require the BOP to provide protective footwear to inmates who work in particular areas of the prison to protect their feet from work-related injuries. Executive Or-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

der No. 12196 § 1–101 et seq., 45 Fed. Reg. 12,769 (Feb. 26, 1980), *reprinted in* 5 U.S.C. § 7902 note; 29 C.F.R. § 1910.136(a) & (b). The BOP's decision to issue steel-toed boots to inmates and to allow the inmates to wear the boots during non-working hours was a discretionary act not precluded by any statute, regulation, or policy.

We also find no abuse of discretion in the district court's refusal to strike any portions of the declarations of the Government's previously withdrawn expert witness, John L. Lee ("Lee"). *Maffei v. Northern Ins. Co. of N.Y.*, 12 F.3d 892, 897 (9th Cir.1993). Under Federal Rules of Evidence 601 and 701, Lee's declarations contain his competent percipient witness testimony and lay opinion testimony as National Safety Administrator of the BOP. Moreover, the district court's refusal to strike the portions of the declarations to which Mrs. Hogan objects did not prejudice her case.

**AFFIRMED.**